NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re RICARDO J. CALDERON LOPEZ, dba Starlight Consulting Services,**
*Petitioner*

---

2025-143

---

On Petition for Writ of Mandamus to the United States District Court for the Central District of California in No. 2:23-cv-08579-DMG-SHK, Judge Dolly M. Gee.

---

**ON PETITION**

---

PER CURIAM.

## O R D E R

Ricardo J. Calderon Lopez filed a complaint in the United States District Court for the Central District of California against local government entities, seeking $5,000,000 for alleged injury sustained from their operation of a municipal bus. After the district court's dismissal of the complaint in 2024 and three unsuccessful appeals,[1]

---

[1]  *See Calderon Lopez v. L.A. Cty. Met. Transp. Auth.*, No. 24-0352, ECF No. 39 (9th Cir. Mar. 26, 2024); *Calderon Lopez v. L.A. Cty. Met. Transp. Auth.,* No. 2024-1998, ECF

Mr. Calderon Lopez now petitions this court for a writ of mandamus to "vacate the lower courts denial of protected rights" and grant[] preliminary injunction [and] summary judgements." ECF No. 2 at 2.

The All Writs Act provides that the federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The Act is not itself a grant of jurisdiction. *Clinton v. Goldsmith*, 526 U.S. 529, 534–35 (1999). As we have repeatedly informed Mr. Calderon Lopez,[2] this court's jurisdiction over district court decisions is limited to cases involving the patent laws, *see* 28 U.S.C. § 1295(a)(1); civil actions on review to the district court from the United States Patent and Trademark Office, *see id.* § 1295(a)(4)(C); and cases involving certain damages claims against the United States "not exceeding $10,000 in amount," *id.* § 1346(a)(2), *see id.* § 1295(a)(2). Again, Mr. Calderon Lopez's case does not fall within that jurisdiction.

Mr. Calderon Lopez is specifically warned that he may be sanctioned, including the imposition of monetary and non-monetary penalties, if he files another matter with this court involving a case that does not plausibly fall within this court's subject matter jurisdiction.

Accordingly,

---

No. 4 (Fed. Cir. July 23, 2024); *Calderon Lopez v. L.A. Cty. Met. Transp. Auth.*, No. 25-809, ECF No. 39 (9th Cir. July 17, 2025).

[2]   *See, e.g., Calderon Lopez v. Gumushyan*, No. 2025-1765, ECF No. 10 (Fed. Cir. July 8, 2025); *Calderon Lopez v. Off. of the Sec'y of State*, No. 2024-1964, ECF No. 4 (Fed. Cir. July 23, 2024); *Calderon Lopez v. O'Malley*, No. 2025-1698, ECF No. 22 (Fed. Cir. June 25, 2024); *In re Calderon Lopez*, No. 2023-133, ECF No. 23 (Fed. Cir. Oct. 13, 2023).

IN RE CALDERON LOPEZ                                                    3

IT IS ORDERED THAT:

The petition is dismissed.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

September 11, 2025
Date